UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ELLIS ROMEO LEE THOMAS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:04-CV-709 RM |
| | ) | |
| CECIL DAVIS, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Ellis Thomas, a prisoner confined at the Indiana State Prison, submitted a complaint under 42 U.S.C. § 1983, alleging that prison officials improperly diagnosed and treated a medical problem with his face. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> 
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in

> a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

In his form complaint, Mr. Thomas answered "yes" to the question "(i)s there a prisoner grievance system that would allow you to file a grievance about the things you are suing about?" He states that he did not file a grievance because he is "seeking compensatory damages, for medical malpractice." (Complaint at p. 2).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claims regarding conditions of confinement. Booth v. Churner, 532 U.S. 731 (2001); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002), *quoting* Porter v. Nussle, 534 U.S. 516, 122 (2002). Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal of any case in which an available administrative remedy has not been exhausted. Massey v. Wheeler, 221 F.3d 1030 (7th Cir. 2000). Dismissal of a complaint pursuant to  28 U.S.C. § 1997e(a) should be without prejudice. Perez v.

2

Wisconsin Dept. of Corrections, 182 F.3d at 534. Dismissal of this complaint without prejudice would mean that Mr. Thomas could refile his complaint after he has exhausted his administrative remedies.

Mr. Thomas suggests that he did not have to grieve his medical treatment because he is "seeking compensatory damages," a remedy not available in the grievance procedure. But section 1997e(a) contains no such exemption from the exhaustion requirement. At one time, there was a question whether § 1997e(a) required prisoners to pursue grievance remedies if all they wanted was damages. The Supreme Court resolved this question in Booth v. Churner, holding that it is "highly implausible" that congress "meant to give prisoners a strong inducement to skip the administrative process simply by limiting prayers for relief to money damages not offered through administrative grievance mechanisms." 532 U.S. at 741. A prisoner must exhaust his administrative remedies where "some remedy may be 'available' whether or not the prisoner prefers a balm (such as money damages) that the grievance procedure does not provide." Ford v. Johnson, 362 F.3d 395, 397 (7th Cir. 2004), *citing* Porter v. Nussle, 534 U.S. 516 (2002) and Booth v. Churner, 532 U.S. 731 (2001). In grieving his medical care, Mr. Thomas could have obtained a review of his medical care — including a re-diagnosis of his medical problem and possibly medicine that might have better addressed his problem.

Mr. Thomas admits that he could have grieved the problems he complains of, but didn't do so. When a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." Tregenza

3

v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1084 (1994).

For the foregoing reasons, the court DISMISSES this complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(a).

IT IS SO ORDERED.

ENTERED: May 12, 2005

>    /s/ Robert L. Miller, Jr.
> Chief Judge
> United States District Court